IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TORTILLA TOWN, INC., | § § | |
| *Plaintiff,* | § § | SA-22-CV-00420-XR |
| vs. | § § | |
| TORTILLA TOWN, LLC, | § § | |
| *Defendant.* | § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's Motion for Attorneys' Fees and Costs [#21], which was referred to the undersigned for disposition. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be **granted**.

## I.  Background

This is a trademark infringement action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A). Plaintiff Tortilla Town, Inc., filed this case against Defendant Tortilla Town, LLC, alleging infringement of its federal trademark for the name "Tortilla Town" in violation of the Lanham Act and asserting common law claims of trademark infringement and unfair competition. Plaintiff is a Mexican food restaurant and chain; Defendant operates a Mexican restaurant in San Antonio, Texas, and has no business relationship with Plaintiff.

Plaintiff filed its Original Complaint on April 29, 2022, and moved for a preliminary injunction the same day. After several failed attempts at service on Defendant's registered agent,

Plaintiff filed a motion for substitute service of process, which was granted. Plaintiff served Defendant by delivering a copy of the summons and complaint to the registered agent's older brother on July 12 and sending a copy of the documents to the agent's last-known email address on July 13. Defendant failed to answer or otherwise respond to the Complaint or request an extension of time to do so, and, on Plaintiff's motion, the Clerk entered a default against Defendant on October 18, 2022. On October 20, 2022, Plaintiff moved for default judgment, and the District Court granted the motion and entered a default judgment against Defendant on November 7, 2022 [#20].

The District Court's order granting default judgment found that Plaintiff holds a word mark for the phrase "Tortilla Town" from the United States Patent and Trademark Office and satisfied its burden to establish that Defendant used the mark without Plaintiff's consent in a manner that is likely to cause confusion, mistake, or to deceive in violation of the Lanham Act, 15 U.S.C. § 1114. The District Court awarded Plaintiff $100,000 in statutory damages for this violation and entered an injunction permanently enjoining Defendant from utilizing Plaintiff's protected mark.

Finally, the District Court determined that Plaintiff's case constitutes an exceptional case under the Lanham Act, entitling Plaintiff to reasonable attorney's fees and costs. The District Court therefore directed Plaintiff to submit a motion for fees and bill of costs within 14 days of final judgment. Plaintiff filed the motion for fees and costs, as ordered. For the reasons that follow, the Court should grant Plaintiff's motion.

## II.  Legal Standard

Under the Lanham Act, a court may award attorneys' fees to a prevailing party in exceptional cases. 15 U.S.C. § 1117(a); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*,

671 F.3d 526, 537 (5th Cir. 2012). In the Fifth Circuit, the "lodestar method" is performed to determine the reasonableness of attorney's fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship (In re Fender)*, 12 F. 3d 480, 487 (5th Cir. 1994). The lodestar method involves two initial steps: (1) determining the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer; and (2) calculating the lodestar amount by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 985 (S. D. Tex. May 30, 1997) (quoting *Forbush v. J.C. Penney Co.*, 98 F. 3d 817, 821 (5th Cir. 1996)). The party applying for attorneys' fees bears the burden of establishing the hours expended during the litigation, and that the charged rates are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar is the reasonable fee. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After calculating the lodestar, a court then considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). These factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

### III. Analysis

Plaintiff requests compensation for a total of 54.7 hours of attorney time billed in this case. In support of this request, Plaintiff provides the Court with the sworn declaration of James R. Gourley, the partner who served as lead counsel for Plaintiff. (Gourley Decl. [#21-1], at 1–4.) Attached to the declaration are billing records to support the fee request. (Ex. 2 to Gourley Decl. [#21-2], at 1–3.) The declaration and billing records establish that Mr. Gourley billed 5.7 hours of the 54.7 hours of professional time expended on this case, and the rest of the professional time was billed by associate attorney Miguel Hernandez. (*See id.*) Mr. Gourley billed at a rate of $625 per hour, and Mr. Hernandez billed at a rate of $345 per hour. (Gourley Decl. [#21-1], at ¶ 10.) Plaintiff asserts that $345 per hour is a reasonable rate to utilize in the lodestar analysis, as the associate performed the majority of the work in this case at that rate. The lodestar in this case, calculated by multiplying the hourly rate by the number of hours expended in this case, is thus $18,871.50.

The undersigned finds that the rate of $345 used to calculate the lodestar is reasonable. Mr. Gourley is an experienced patent and trademark attorney licensed in Texas and Colorado and before the Federal Circuit and the United States Patent and Trademark Office. Mr. Hernandez also specializes in intellectual property law and is also registered to practice before the Untied States Patent and Trademark Office. Counsel chose, in an exercise of billing judgment, to primarily staff this case with an associate billing at a lower hourly rate to avoid billing Plaintiff at his higher rate unless necessary. Given both attorneys' skill, knowledge, and experience in the area of intellectual property law, the rate of $345 is reasonable.

The undersigned further finds that the amount of time expended on this case is also reasonable. The billing records attached to Mr. Gourley's declaration detail both attorneys' work

on this case from March to October 2022, which included preparing the Complaint, the motion for preliminary injunction, the motion for substitute service, and the motion for default judgment, as well as communications with Plaintiff regarding the facts underlying the trademark infringement claims and with the process server regarding the multiple attempts at service of process on Defendant. Thus, the overall lodestar amount is reasonable, and the undersigned does not recommend increasing or decreasing the lodestar based on any of the *Johnson* factors.

Finally, a prevailing party is entitled to recover its costs in exceptional cases under 15 U.S.C. § 1117(a). The fee applicant bears the burden of establishing costs. *See Hensley*, 461 U.S. at 433. The single cost Plaintiff seeks to recover is the $1,625.00 in fees charged by the process server, an expense that was higher than usual due to the difficulties effectuating service on Defendant and the need to pursue service by alternative means. (Gourley Decl. [#21-1], at ¶ 15). The Court should also grant Plaintiff's request for costs in the amount of $1,625.00.

## IV.  Conclusion and Recommendation

Having considered Plaintiff's motion, the record, and governing law, the undersigned recommends that Plaintiff's Motion for Attorneys' Fees and Costs [#21] be **GRANTED** and Plaintiff awarded $18,871.50 in attorney's fees and reasonable costs and expenses in the amount of $1,625.00 for a total amount of **$20,496.50**. The District Court should also order Defendant to compensate Plaintiff its reasonable attorneys' fees by providing payment to Plaintiff in the amount of $20,496.50 within thirty days after entry of such award by the Court as provided under 15 U.S.C. § 1117(a).

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 3rd day of May, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE