IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TORTILLA TOWN, INC.,<br>*Plaintiff*<br><br>-vs-<br><br>TORTILLA TOWN, LLC,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-22-CV-00420-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this date, the Court considered the Report and Recommendations ("R&R") of Magistrate Judge Elizabeth S. Chestney (ECF No. 22). After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff Tortilla Town, Inc. is a Mexican food restaurant and chain with a registered trademark in the name "Tortilla Town." ECF No. 20 at 1. Defendant operates a Mexican restaurant also called Tortilla Town. *Id*. The two entities are not related.

Plaintiff sued, alleging trademark infringement in violation of the Lanham Act as well as common law trademark infringement and unfair competition. *Id*. at 3. After being served with process, Defendant failed to answer, otherwise respond to the complaint, or request an extension of time to do so. *Id*. On Plaintiff's motion, the Clerk entered a default against Defendant on October 18, 2022. ECF Nos. 16, 17. On October 20, 2022, Plaintiff moved for default judgment (ECF No. 19), which this Court granted (ECF No. 20). Plaintiff was awarded $100,000 in statutory damages and ordered to submit its motion for attorneys' fees and a bill of costs. *Id*.

On November 21, 2022, Plaintiff moved for attorneys' fees and costs in a total amount of $20,496.50, comprised of $18,871.50 in attorneys' fees and $1,625.00 in costs. ECF No. 21. This

motion was referred to Magistrate Judge Elizabeth Chestney. The Magistrate Judge reviewed the relevant documentation and, using the Fifth Circuit's lodestar method of calculation, determined that Plaintiff's proposed fees and costs were reasonable. ECF No. 22. The Magistrate Judge recommended that this Court grant Plaintiff's motion for attorneys' fees and costs. *Id*.

## DISCUSSION

### I. Standard of Review

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id*.; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### II. Lanham Act

Under the Lanham Act, a court may award attorneys' fees to a prevailing party in exceptional cases. 15 U.S.C. § 1117(a); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 3 671 F.3d 526, 537 (5th Cir. 2012). In the Fifth Circuit, the "lodestar method" is performed to determine the reasonableness of attorneys' fees. S*ee Transamerican Natural Gas Corp. v. Zapata P'ship (In re Fender)*, 12 F. 3d 480, 487 (5th Cir. 1994). The lodestar method involves two initial steps: (1) determining the reasonable number of hours expended on the litigation and the

reasonable hourly rate for the participating lawyer; and (2) calculating the lodestar amount by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 985 (S. D. Tex. May 30, 1997) (quoting *Forbush v. J.C. Penney Co,,* 98 F. 3d 817, 821 (5th Cir. 1996)). The party applying for attorneys' fees bears the burden of establishing the hours expended during the litigation, and that the charged rates are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar is the reasonable fee. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After calculating the lodestar, a court then considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). These factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

**III.    Analysis**

Because Defendant has not objected to the Magistrate Judge's findings regarding costs and fees, this Court will review the Magistrate Judge's determinations for clear error.

The Court has reviewed the documentation provided and the Magistrate Judge's Report and Recommendations finding that (1) the billed associate attorney rate of $345 per hour was reasonable; (2) the total amount of time Plaintiff's attorneys spent on this case was reasonable; and (3) that the "overall lodestar amount is reasonable." The Magistrate Judge further found that Plaintiff's $1,623 in process server costs was reasonable due to the challenges associated with serving Defendant. Ultimately, the Magistrate Judge recommended that this Court grant Plaintiff $18,871.50 in attorneys' fees and reasonable costs and expenses in the amount of $1,625.00 for a total amount of $20,496.50. This Court finds this determination to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

Plaintiff is awarded a total amount of **$20,496.50** and **ORDERS** Defendant to compensate Plaintiff by providing payment to Plaintiff in the amount of $20,496.50 within thirty days after entry of this award.

It is so **ORDERED**.

**SIGNED** this 6th day of June, 2023.

_____
Xavier Rodriguez
United States District Judge